## C. W. GUTHERLESS & COMPANY v. A. C. RIPLEY, Appellant.

**Authority of Co-Owner to Change Building Contract:** INDIVIDUAL LIABILITY. One of the *joint signers* of a contract for the erection of a building, who was authorized to represent the other owners, as well as himself, in dealing with the contractors, and in superintending the work, is personally liable for a change made by him in the terms of the contract, though the contractors knew that the change was beyond the scope of his authority, and made without the knowledge of the other owners.

**Admissibility of Book:** COURT AND JURY. Where it appears that a time-book, sought to be introduced in evidence, has been kept by different parties, and its condition, and the method pursued in making the entries, have been explained by those who kept it, it is admissible, though it appears that there may have been some alterations in it; and it is for the jury to consider the explanations, and the weight to be given the evidence.

**Witness:** CREDIBILITY. A party is not entitled in every case to have a charge on the effect of willfully false testimony, and where the jury have been instructed that their verdict should be determined by the evidence which would best satisfy them of the truth of the claims made by the respective parties, and in regard to the

effect of the testimony of a witness who had made statements out of court, contrary to those made on the trial, it is not error to refuse to charge further in regard to the credibility of the witnesses.

*Same.* The fraudulent acts of one co-partner in altering entries in partnership books introduced in evidence, do not affect the credibility, as witnesses, of the others who were guilty of no intentional wrong.

**Appeal:** COSTS OF ADDITIONAL ABSTRACT.  Where an additional abstract, of no merit in determining the appeal, is not served on appellant till more than nine months after the original abstract was served, and but a short time before the case is to be submitted, no costs for it will be allowed to appellee, when no excuse for delay is shown.

*Appeal  from   Hancock   District   Court.* — HON. P. W. BURR, Judge.

SATURDAY, MAY 16, 1896.

ACTION at law, to recover of the defendants the sum of two thousand and twelve dollars and twenty-seven cents, with interest, for materials furnished, and labor performed, for the erection of a building in the town of Garner.   There was a trial by jury, and a verdict and judgment in favor of plaintiffs, and against the defendant, Ripley, for the sum of nine hundred and ninety-two dollars and sixty-two cents.   From that judgment he appeals.—*Affirmed.*

*A. C. Ripley* and *George E. Clarke* for appellant.

*R. J. W. Bloom* for appellees.

ROBINSON, J.—In April, 1892, the defendants entered into an agreement in writing with E. C. Collins, by which he undertook to construct for· them a brick building in Garner, for the sum of eight thousand four hundred and fifty dollars.   A few weeks later, Collins entered into an agreement in writing with the

plaintiffs, by which they were to furnish materials for and to construct the stone and brick work required in the building, for the sum of three thousand six hundred and fifty dollars. The plaintiffs furnished material which was used in the construction of the building, and performed labor upon it, including the making of the foundation and the erection of the walls. They claim that the written contracts were abandoned soon after work under them was commenced, and that they then entered into a verbal agreement with the defendants, by which the latter were to pay the reasonable value of the materials and labor which the plaintiffs should furnish; that what they furnished was of the reasonable value of five thousand two hundred and fifty-six dollars and eighty-seven cents; that they have received on account of it only three thousand two hundred and forty-four dollars and sixty cents; and that the amount for which they ask judgment is now due. The defendants admit the making of the agreements in writing, but deny that they ever entered into a contract with the plaintiffs. They insist that the materials and labor furnished by the plaintiffs for the building in question, were furnished by them as sub-contractors, under their agreement with Collins, and that he had already been paid the contract price, and about one thousand dollars in addition. After the evidence had been fully submitted, the court sustained a motion of defendants Upton, Sweigard, Elliott, and Sturgeon, to direct a verdict in their favor, and a verdict was so directed and returned. The question as to the liability of Ripley was then submitted to the jury, which returned a verdict against him, and judgment was rendered thereon, as already stated. Collins is named as a defendant, but was not served with a notice of the action, and did not appear as a party to it; and, in speaking of the defendants, we do not refer to him.

I. The deféndants, soon after the building in question was commenced, arranged that Ripley should represent them in dealing with the contractors, and in superintending the erection of the building, and he did so. The alleged change by which the written agreements are said to have been abandoned, and the verbal one upon which this action is founded, substituted for them, was made by him. The defendants testified that they did not give him authority to make the change, and that they had no knowledge of it, and the district court sustained a motion to direct a verdict for all the defendants except Ripley, on the ground that there was no evidence to authorize the jury to find a verdict against them, for the reason, no doubt, that there was not sufficient evidence to show that they had authorized or ratified the change. The appellant contends with much earnestness that he is not liable on the alleged verbal agreement, because he acted as an agent, within the scope of his authority; that the plaintiffs knew what his authority was, and therefore cannot hold him responsible if he exceeded it; and that, if he is liable at all, he is not liable on the contract. These and other claims of a similar nature ignore the fact that the appellant acted, not alone for his co-defendants, but for himself also, and that he could bind himself, although he had no power to make others liable. We need not determine what effect the judgment rendered in this case will have upon the rights of the defendants who do not appeal, or upon their relation to the appellant. If he entered into the agreement upon which the plaintiffs rely, he must be held liable upon it, however it may affect others.

II. The appellant complains of the action of the district court in admitting in evidence a certain time-book, on the ground that it was kept by different persons, and that it showed on its face that it had been

altered, with fraudulent intent. The evidence shows that it was kept by the plaintiffs. There was ground for claiming, from the appearance of the book, that there had been some addition to the original entries made in the book; but its condition, and the method pursued in making the entries, were explained by some of the plaintiffs, and we think the book was properly admitted in evidence. The jury was competent to consider it, and the explanations given, and to determine its value.

III. The court refused to permit the defendants to show that, before they entered into an agreement with Collins, they informed him that their interests in the building to be built, and in the ground upon which it was to stand, were separate; that Sturgeon was the owner of the north third of the ground; that Elliott was the owner of the middle third, and that Ripley, Sweigard, and Upton were the owners of the south third; that, although but one building was to be erected, the defendants were to retain separate interests, according to their ownership of the ground. The proposed evidence was properly rejected. It was not proposed to show that the plaintiffs had any knowledge of the several interests of the defendants, and the fact that the interests were separate, and not joint, would not have affected the liability of the appellant on the contract made, even though the character of the interests had been fully known.

IV. The applicant complains of the refusal of the court to instruct the jury as follows: "(2) If the jury are satisfied that any of the witnesses in the case have willfully testified falsely on any material matter connected with the evidence in the case, then the jury are at liberty to reject the whole of the testimony of any such witness, if they see proper to do so. (3) Various books of plaintiff's have been introduced in evidence, and it is claimed by the defendants that these

books have been changed and falsified, in their makeup and entries. If the jury are satisfied that such is the fact, then you would be warranted in regarding the testimony of the plaintiffs themselves with suspicion, and their entire case with a want of confidence in its justness, and the legality of the claim here urged by them against the defendants." It would have been proper to instruct the jury in regard to the value of the testimony of a witness whose testimony was willfully false in regard to any material matter, but it cannot be said that such an instruction must be given, if asked, in every case tried by a jury. Certainly, it should not be given where there is no reason to believe that any witness testified to what he knew to be false. In this case the jury was instructed, in effect, that its verdict should be determined, not by the greater number of witnesses, but by the evidence which was most convincing, and which should best satisfy it of the truth of the claims made by the respective parties. The jury was also instructed in regard to the effect of the testimony of a witness who had made statements out of court contradictory to those made on the trial. In view of what the evidence shows, and the instructions given, we cannot say that it was error for the court not to charge the jury further in regard to the credibility of witnesses. Nor do we think the court erred in refusing to give the third instruction asked by the appellant. The plaintiff is a co-partnership composed of three persons. If there were alterations in their books which were introduced in evidence, it is not shown that all of the plaintiffs knew of them. The fraudulent act of one party would not affect the credibility of another, who was guiltless of intentional wrong.

V. The appellant complains of a portion of the charge which required the jury to determine whether

there was an agreement between him and the plaintiffs "that the sub-contract with Collins should be abandoned, and that the plaintiffs should go on and furnish materials and labor for such building." It is said that there was no allegation that there was such an agreement, and no proof that it was made, and that it was not within the power of Ripley to abandon the contract. Even if it be true that he could not bind his co-owners by an agreement of that nature, it might be valid as to himself, and that was the substance and effect of the portion of the charge in which the part objected to appears.

VI.   The appellant contends, at great length, that the evidence does not show an abandonment of the written agreements, and the making of the alleged verbal agreement upon which the plaintiffs rely. There is much conflict in the evidence in regard to that issue, and there is much which tends to sustain the claims of the appellant. It is certain that a verdict in his favor would have been fully warranted by the evidence. But there is so much to sustain the claims of the plaintiffs that we cannot disturb the judgment for lack of evidence to support it.

VII.   Other questions are presented in argument. Errors in rulings on evidence, in refusing instructions asked, in giving certain portions of the charge, and in other acts, are charged. Some of the objections thus made are disposed of by what we have already said, and others are not of sufficient importance to be discussed. We have examined all the objections urged, without finding any prejudicial error.

VIII.   The appellant complains of the additional abstract filed by the appellee, with good cause. It contains one hundred and fourteen pages of matter which has been of no value in determining this appeal. Many pages are devoted to the correction of

immaterial and trifling errors. Fifty pages are devoted
to the cross-examination of one witness, whose
testimony was sufficiently set out in the abstract
of the appellant. The additional abstract
imposed upon us much unnecessary labor. It was
not served upon the appellant until more than
nine months after the abstract was served, when but
a short time remained before the case was to be sub-
mitted, and no excuse for delay is shown. This was
unjust to the appellant, and contrary to the rules of
this court. In consequence of this, and the lack of
merit in the additional abstract, no costs for it will
be allowed to the appellees. It is proper to say, in
this connection, that the argument for the appellees
contains statements in regard to the appellant of an
abusive character, not warranted by anything shown by
the record, which should have been omitted. The
judgment of the district court is AFFIRMED.